**TOM PETRUS & MILLER LLLC**

| | |
|---|---|
| RICHARD B. MILLER | 3729-0 |

Tel:  (808) 792-5855
rmiller@tpm-hawaii.com

| | |
|---|---|
| ANDRE A. ALERS | 11235-0 |

Tel:  (808) 792-5813
aalers@tpm-hawaii.com
Finance Factors Center
1164 Bishop Street, Suite 650
Honolulu, Hawaii  96813
Tel (808) 792-5855
Facsimile:  (808) 792-5809

| | |
|---|---|
| DAVID R. HARADA-STONE | 6229-0 |

Tel: (808) 885-5581
dharadastone@me.com
P.O. Box 6702
Kamuela, Hawaii  96743

Attorneys for Plaintiff
PROGRESSIVE DIRECT INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PROGRESSIVE DIRECT INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NAUTILUS INSURANCE COMPANY, an Arizona Corporation, and SHAWN A. ZENOR,<br><br>Defendants. | CIVIL NO.<br>(Declaratory Judgment)<br><br>PLAINTIFF PROGRESSIVE DIRECT INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT; SUMMONS |

# PLAINTIFF PROGRESSIVE DIRECT INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff PROGRESSIVE DIRECT INSURANCE COMPANY ("Progressive"), by and through its counsel, Tom Petrus & Miller, LLLC, for its complaint against the above-named defendant alleges and avers as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Progressive is an Ohio corporation with its principal place of business in Mayfield Village, Ohio.

2. Upon information and belief, Defendant Nautilus Insurance Company is an Arizona corporation with its principal place of business in the state of Arizona.

3. Upon information and belief, Defendant Shawn A. Zenor is and was, at all times relevant hereto, a citizen of the State of Hawai'i and a resident of the County of Hawai'i.

4. There is complete diversity of citizenship between the parties, and the amount in controversy herein exceeds $75,000.

5. Progressive brings this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 asking this court to determine, as a matter of law, that Nautilus has a duty under its insurance policy to defend and indemnify Shawn Zenor, dba Huaka'i Campers, a mutual insured of Progressive and Nautilus, for claims asserted in two underlying lawsuits arising from a fatal accident that occurred on Mauna Kea

Access Road on the Island of Hawaiʻi on or about March 12, 2017.

6. Progressive also seeks a ruling from this Court that Nautilus is obligated to reimburse Progressive for defense costs incurred on behalf of Mr. Zenor in the two underlying lawsuits.

7. Progressive further seeks a judicial determination that it has no duty to indemnify Mr. Zenor for any judgment that may be awarded against him in the Underlying Lawsuits.

8. There is an actual and continuing controversy between Progressive and the Defendants.

9. All or a substantial portion of the events giving rise to this action occurred within the County of Hawaiʻi and the State of Hawaiʻi.

10. Venue lies in this court pursuant to 28 U.S.C. § 1391.

## THE UNDERLYING LAWSUITS

11. On or about February 20, 2017, Audrey Eginard used the website of Outdoorsy, Inc. ("Outdoorsy") to rent a 2001 Nissan Xterra (the "Xterra") from Zenor for the period from March 12, 2017 to March 17, 2017.

12. On or about March 12, 2017, the Xterra was involved in a single-vehicle accident while descending Mauna Kea Access Road on the Island of Hawaiʻi while the vehicle was being driven by Aurelie Vincent.

13. The accident resulted in the death of Ms. Vincent and serious injuries to Ms. Eginard, who was a passenger in the Xterra at the time of the accident.

14. On or about July 3, 2018, Ms. Eginard filed a lawsuit against Zenor and Outdoorsy in the Circuit Court of the Third Circuit, State of Hawaiʻi, Civil No. 18-1-0156 (the "Eginard Action"), alleging, *inter alia*, that the Xterra's brakes were not working properly on the date of the accident.

15. On or about July 31, 2018, Sylvie Delemontez-Kieffer, individually and as Personal Representative of the Estate of Aurelie Vincent, filed a lawsuit against Zenor in the Circuit Court of the Third Circuit, State of Hawaiʻi, Civil No. 18-1-0181 (the "Vincent Action"), alleging, *inter alia*, that Mr. Zenor had failed to ensure that the Xterra's brakes were in good working order.

16. Outdoorsy and Mr. Zenor filed cross-claims against each other in the Eginard Action.

17. Progressive has provided Mr. Zenor with a defense in the Eginard and Vincent Actions (collectively referred to herein as the "Underlying Lawsuits") pursuant to a reservation of rights.

## THE NAUTILUS POLICY

18. Nautilus issued a Business Auto Policy to Outdoorsy No. CAA2016255-11 (the "Nautilus Policy") that was in effect on the date of the accident.

19. The Nautilus Policy includes Business Auto Coverage Form No. CA 00 01 03 10, which includes the following insuring language:

**SECTION II – LIABILITY COVERAGE**

**A.    Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

. . . .

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

20. The Nautilus Policy contains an endorsement modifying the Business Auto Coverage Form with respect to the Description of Covered Auto Designation Symbols, in relevant part, as follows:

**Covered Auto Designation Symbol**

With respect to the coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement. This endorsement changes the policy effective on the inception date of the policy unless another date is indicated above.

SECTION 1 – COVERED AUTOS is amended by the following:

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols may be used (in addition to the numerical symbols described in the Coverage Form) to describe the "autos". The entry of one of these

symbols next to a coverage on the Declarations will designate the only "autos" that are covered "autos".

Symbol 10 = Any "auto" while:

a. The "auto" is being used by a "named specific operator" or a "specified operator" of Outdoorsy, Inc. during a "Rental Period". "Rental Period" means the time period starting immediately upon the "Renter's" "Start" time and terminating at "Renter's" "Stop" time as the "Start" and "Stop" times are respectively shown in the Outdoorsy, Inc.'s Reservation System.

21. The Nautilus Policy further includes an endorsement modifying the "Who is an Insured" section of the Business Auto Coverage Form, in relevant part, as follows:

## WHO IS AN INSURED

Section II. Liability Coverage

A.1. Who is an insured is amended as follows:

1. Who is an Insured

   The following are insureds:

   a. The "named specified operator" using the covered "auto" during a "Rental Period."

   b. Any other "specified Operator" using with the named "specified operator's" permission a covered "auto" during the "Rental Period."

   c. You, and your "Employees" and "Agents" during the "Rental Period."

   d. Any "Vehicle Owner" when a "suit" alleging "loss" due to an "accident" that causes "bodily injury" or "property damage" is filed against the "Vehicle Owner" arising in whole or in part from the use of a covered "auto" during the "Rental Period" by a "Named Specified Operator", a "Specified Operator", "You, your "Employees" or "Agents."

22. The Nautilus Policy also includes an endorsement containing the following relevant amended definitions:

**Definitions**

SECTION V. Definitions is amended as follows:

1. The following definitions are amended to read:
   B. "Auto" means:
      1. A land motor vehicle or trailer, designed for travel on public roads, and
      2. Made available to a "Named Specified Operator" by Outdoorsy, Inc. pursuant to the Outdoorsy, Inc. Terms of Service and Outdoorsy, Inc. Policies.

. . . .

2. The following definitions are added as follows:
   Q. "Named Specified Operator" means the "Outdoorsy, Inc. Member" whose name appears in the Outdoorsy, Inc. Reservation during the "Rental Period" who is properly licensed by the applicable legal authority to legally operate the rented or leased vehicle.
   R. "Outdoorsy, Inc. Member" means a member in good standing of Outdoorsy, Inc.
   S. "Rental Period" means the time period starting immediately upon "Renter's" "Start" time, and terminating at "Renter's" "Stop" time as the "Start" and "Stop" times are respectively shown in the Outdoorsy, Inc. Reservation System. "Rental Period" also includes any time an "auto" is operated by a Outdoorsy, Inc. employee or a Outdoorsy, Inc. agent in the course and scope of their employment or agency with Outdoorsy, Inc.
   T. "Renter" means any "named specified operator" or "specified operator."
   U. "Specified Operator" means any driver who is fully registered and meets all eligibility requirements of

> Outdoorsy, Inc. who is properly licensed by the applicable legal authority to legally operate the rented or leased vehicle.

## THE PROGRESSIVE POLICY

23. Progressive issued a personal Auto Policy No. 71027909-9 to Mr. Zenor (the "Progressive Policy") that was in effect on the date of the accident.

24. The Progressive Policy included the following exclusion with respect to the coverage afforded under PART I – LIABILITY TO OTHERS:

> Coverage under this Part I, including **our** duty to defend, will not apply to any **insured** for:
>
> . . . .
>
> 13. **bodily injury** or **property damage** arising out of the use of a **covered auto** while leased or rented to others or given in exchange for any compensation. This exclusion does not apply to the operation of a **covered auto** by **you** or a **relative**.

25. Progressive has provided Mr. Zenor with a defense in the Underlying Lawsuits pursuant to a reservation of rights.

26. Nautilus has refused to undertake or participate in Mr. Zenor's defense.

## COUNT I – DECLARATORY RELIEF

27. Progressive realleges and incorporates herein by reference the allegations in Paragraphs 1-26 of the Complaint.

8

28. Mr. Zenor is an insured under the Nautilus Policy with respect to the claims asserted against him in the Underlying Lawsuits.

29. Progressive requests a judicial declaration that Nautilus has a duty to defend and indemnify Mr. Zenor with respect to the claims asserted against him in the Underlying Lawsuits.

30. Although Mr. Zenor is an insured under the Progressive Policy, his potential liability in the Underlying Lawsuits, if any, is excluded by Exclusion 13, quoted above, for for bodily injury or property damage arising out of the use of a covered auto while leased or rented to others or given in exchange for any compensation.

31. Progressive requests a judicial declaration that Progressive has no obligation to indemnify Mr. Zenor for any judgment that may be entered against him in the Underlying Lawsuits.

## COUNT II – REIMBURSEMENT OF DEFENSE COSTS

32. Progressive realleges and incorporates herein by reference the allegations in Paragraphs 1-31 of the Complaint.

33. Progressive has provided a defense to Mr. Zenor in the Underlying Lawsuits even though coverage is clearly precluded by Exclusion 13, quoted above, for bodily injury or property damage arising out of the use of a covered auto while leased or rented to others or given in exchange for any compensation.

34. Mr. Zenor is an insured under the Nautilus Policy and is entitled to both a defense and indemnity thereunder for the claims asserted against him in the Underlying Lawsuits.

35. Nautilus has refused to undertake or participate in Mr. Zenor's defense, despite being legally obligated to do so.

36. Progressive is entitled to equitable contribution or reimbursement of defense costs incurred on behalf of Mr. Zenor in the Underlying Lawsuits.

WHEREFORE, Progressive prays for relief as follows:

A. For a binding declaration that Nautilus is obligated to defend Mr. Zenor against the claims asserted against him in the Underlying Lawsuit.

B. For a binding declaration that Nautilus is obligated to indemnify Mr. Zenor for any damages awarded against him in connection with the claims asserted against him in the Underlying Lawsuits.

C. For a binding declaration that Progressive has no obligation to indemnify Mr. Zenor for any judgment that may be entered against him in the Underlying Lawsuits.

D. For an order by the Court that Nautilus reimburse Progressive for defense costs incurred on behalf of Mr. Zenor in the Underlying Lawsuits.

E. For attorney's fees, cost of suit in this action, and such other relief as the Court may deem appropriate under the circumstances.

DATED: Honolulu, Hawaii, June 21, 2023.

    /s/Richard B. Miller
RICHARD B. MILLER
ANDRE A. ALERS
DAVID R. HARADA-STONE
Attorney for Plaintiff
PROGRESSIVE DIRECT INSURANCE COMPANY